Filing # 181459000 E-Filed 09/09/2023 11:12:49 AM

## IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
## IN AND FOR MONROE COUNTY, FLORIDA

NANCY RINALDI, an individual and :
WILLIAM SWISHER an individual, h/w :
:
        Plaintiffs :
:
vs. :
:
: CIVIL ACTION NO.
:
FCA US LLC, a foreign corporation, and :
FOX RENT A CAR, INC., a foreign corp. :
        Defendants :
:

## COMPLAINT

COMES NOW, the Plaintiffs, Nancy Rinaldi and William Swisher, h/w, by and through undersigned counsel, and sue Defendants, FCA US LLC, and FOX RENT A CAR, INC. and allege, as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages exceeding $50,000.00 exclusive of interest, court costs, and attorneys' fees.

2. At all times material hereto, Plaintiff, Nancy Rinaldi ("Rinaldi") was a citizen of the State of New Jersey and an adult individual residing at 12 Wakefield Court, Mt. Laurel, NJ 08054.

3. At all times material hereto, Plaintiff, William Swisher ("Swisher") was a citizen of the State of New Jersey, the husband of Plaintiff Nancy Rinaldi, and an adult individual residing at 12 Wakefield Court, Mt. Laurel, NJ 08054.

4. Plaintiffs Rinaldi and Swisher are married as husband and wife and have been at all times material hereto.

5. Defendant, FCA US LLC ("FCA") is a limited liability corporation organized and in existence under the laws of the State of Delaware, with a principal place of business at 1000 Chrysler Drive, Auburn Hills, Michigan 48326, which at all relevant times was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and motor vehicle components throughout the United States, including Monroe County Florida, and did in fact design, manufacture and sell in the United States the JEEP brand vehicle involved in the within accident.

6. Defendant, Fox Rent A Car, Inc. ("FOX"), is a privately held California corporation with a principal place of business at 5500 W. Century Blvd., Los Angeles, California, 90045.

7. Venue is proper in Monroe County, Florida, pursuant to F.S.A. § 47.051 because each Defendant transacts business in Monroe County and/ or which caused the subject cause of action to accrue in Monroe County in the form of an accident on or about January 21, 2020 on US-1 at or near mile marker 86 in Islamorada, Monroe County, Florida (the "subject accident").

**FACTS**

8. At the time and place of the subject accident, Plaintiff Rinaldi was a passenger in a 2018 Jeep Wrangler motor vehicle manufactured and sold by Defendant FCA and rented to Plaintiffs by FOX, with a VIN of 1C4BJWDG9JL865632 and a Florida license plate of IERE30 that was operated by Plaintiff's husband, Swisher.

9. The vehicle in which Plaintiff was a passenger was suddenly and violently struck in the rear by another motorist, causing the Plaintiff's upper body to be thrown forward, and her head to strike the dashboard and windshield, despite being properly restrained by the seat belt provided with Defendants' vehicle.

10. The lap portion of the seatbelt held Plaintiff in place at hip level while the upper body portion of the seatbelt failed and did not hold Plaintiff's upper body in place during the crash.

11. Plaintiff was seriously injured in this crash and suffered permanent injuries to her body for which she sought treatment, including, but not limited to:

    a) Lacerations to her head, face, and scalp;

    b) Back sprain and strain;

    c) Disc herniations requiring fusion of the spine at L4-L5-S1;

    d) Sciatica in the right leg;

    e) Hip pain;

    f) Loss of mobility of the lumbar spine and hips;

    g) Exacerbation of pain and loss of mobility of the lumbar spine, cervical spine, and thoracic spine; and,

    h) Other related injuries to the above described body parts.

12. Any conditions precedent to filing this suit have been fulfilled, satisfied, or waived.

## FIRST COUNT – PRODUCT LIABILITY
## NANCY RINALDI v. FCA US, LLC

13. Plaintiff Rinaldi repeats the allegations of the preceding paragraphs of this Complaint and incorporates them as if set forth at length herein.

14. Defendant FCA sells vehicles for use by members of the public, including the Plaintiffs herein, and holds itself out as a competent designer and manufacturer of vehicles, including the 2018 Jeep Wrangler in which Plaintiff was a passenger.

15. Defendant FCA placed the 2018 Jeep Wrangler into the marketplace with defective seatbelts for which it conducted a recall in 2019.

16. Upon information and belief, the seatbelts are defective, *inter alia,* as follows:

      a) The driver's seat belt buckle mounting strap in these vehicles may break and separate from the seat frame.

      b) The seatbelts have a defectively welded micro gas generator in the seat belt pre-tensioner.

      c) The front seat belt retractors may not lock as intended during a crash.

17. Defendant FCA's recall did not remedy the defective seatbelts and Defendant FCA did not communicate the recall completely and adequately to alert the public.

18. Plaintiffs relied on Defendant FCA's reputation, skill, and good will in riding in a vehicle manufactured by Defendant.

19. Defendant failed to warn Plaintiffs of the defects inherent in the regular use of the 2018 Jeep Wrangler motor vehicle.

20. The 2018 Jeep Wrangler was not reasonably fit suitable or safe for its intended purpose because it deviated from the design specifications, or performance standards of the manufacturer or from other identical units manufactured to the same specifications or failed to contain adequate warnings to the ultimate user and was designed in a defective manner.

21. As a result of the acts and omissions of the Defendant FCA, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, has been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, has been and will be compelled to expend large sums of money, has been and will be prevented from attending to Plaintiff's normal business and affairs, and has been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant FCA US, LLC for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of Florida together with interest and costs of suit.

### SECOND COUNT – PRODUCT LIABILITY
### <u>NANCY RINALDI v. FOX RENT A CAR, INC.</u>

22. Plaintiff Rinaldi repeats the allegations of the preceding paragraphs 1-12 of this Complaint and incorporates them as if set forth at length herein.

23. Defendant FOX rents vehicles for use by members of the public, including the Plaintiffs herein, and holds itself out as a competent renter of vehicles, including the 2018 Jeep Wrangler in which Plaintiff was a passenger.

24. Defendant FOX placed the 2018 Jeep Wrangler into the marketplace with defective seatbelts for which it conducted a recall in 2019.

25. Upon information and belief, the seatbelts are defective, *inter alia*, as follows:

   a) The driver's seat belt buckle mounting strap in these vehicles may break and separate from the seat frame.

   b) The seatbelts have a defectively welded micro gas generator in the seat belt pre-tensioner.

   c) The front seat belt retractors may not lock as intended during a crash.

26. Defendant FOX did not remedy the defective seatbelts and Defendant FOX did not communicate the recall completely and adequately to alert the public.

27. Plaintiffs relied on Defendant FOX's reputation, skill, and good will in riding in a vehicle rented by Defendant.

28. Defendant failed to warn Plaintiffs of the defects inherent in the regular use of the 2018 Jeep Wrangler motor vehicle.

29. The 2018 Jeep Wrangler was not reasonably fit suitable or safe for its intended purpose because it deviated from the design specifications, or performance standards of the manufacturer or from other identical units manufactured to the same specifications or failed to contain adequate warnings to the ultimate user and was designed in a defective manner.

30. As a result of the acts and omissions of the Defendant FOX, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, has been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, has been and will be compelled to expend large sums of money, has been and will be prevented from attending to Plaintiff's normal business and affairs, and has been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of Florida together with interest and costs of suit.

### THIRD COUNT – BREACH OF WARRANTY
### NANCY RINALDI v. FCA US, LLC

31. Plaintiff Rinaldi repeats each and every allegation in paragraphs 1-12 of this Complaint as though set forth at length herein.

32. Defendant FCA sells vehicles to consumers and holds itself out as a competent manufacturer of vehicles, including the 2018 Jeep Wrangler in which Plaintiff was a passenger and warrants that its motor vehicles are merchantable, fit, and safe for use by the public.

33. Defendant FCA breached the above warranty by permitting the 2018 Jeep Wrangler motor vehicle to be used by the public for sale and for rent by Defendant Fox.

34. As a result of the acts and omissions of the Defendant FCA, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great

pain, has been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, has been and will be compelled to expend large sums of money, has been and will be prevented from attending to Plaintiff's normal business and affairs, and has been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant FCA US, LLC for such sums as would reasonably and properly compensate Plaintiff, together with interest and costs of suit.

### FOURTH COUNT – BREACH OF WARRANTY
### NANCY RINALDI v. FOX RENT A CAR, INC.

35. Plaintiff Rinaldi repeats each and every allegation in the above paragraphs 1-12 of this Complaint as though set forth at length herein.

36. Defendant FOX rents vehicles to consumers and holds itself out as a competent renter of vehicles, including the 2018 Jeep Wrangler in which Plaintiff was a passenger and warrants that its motor vehicles are merchantable, fit, and safe for use by the public.

37. Defendant FOX breached the above warranty by permitting the 2018 Jeep Wrangler motor vehicle to be used by the public for sale and for rent by Defendant Fox.

38. As a result of the acts and omissions of the Defendant FOX, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, has been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, has been and will be compelled to expend large sums of money, has been and will be prevented from attending to Plaintiff's normal business and affairs, and has been otherwise damaged.

WHEREFORE, Plaintiff demands judgment against Defendants for such sums as would reasonably and properly compensate Plaintiff, together with interest and costs of suit.

## FIFTH COUNT - NEGLIGENCE
## NANCY RINALDI v. FCA US LLC

39. Plaintiff repeats each and every allegation in paragraphs 1-12 of this Complaint as though set forth at length herein.

40. Plaintiff was a passenger in a 2018 Jeep Wrangler vehicle rented to her husband.

41. Defendant FCA owed a duty to its customers to inspect its vehicles, keep apprised of the existence of any defects therein and to keep the vehicles free from hazards to their safety.

42. Defendant FCA breached its duty of due care by manufacturing a vehicle leased by Plaintiff's husband in which Plaintiff was a passenger that had a defective condition that was known or should have been known to the Defendant.

43. As a result of the negligent acts and omissions described above of the Defendant FCA US LLC , Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, has been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, has been and will be compelled to expend large sums of money, has been and will be prevented from attending to Plaintiff's normal business and affairs, and has been otherwise damaged.

WHEREFORE, Plaintiff demands judgment against Defendant FCA US, LLC for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of Florida, together with interest and costs of suit.

## SIXTH COUNT - NEGLIGENCE
## NANCY RINALDI v. FOX RENT A CAR, INC.

44. Plaintiff repeats each and every allegation in above paragraphs 1-12 of this Complaint as though set forth at length herein.

45. Plaintiff was a passenger in a 2018 Jeep Wrangler vehicle rented to her husband by FOX.

46. Defendant FOX owed a duty to its customers to inspect its vehicles, keep apprised of the existence of any defects therein and to keep the vehicles free from hazards.

47. Defendant FOX breached its duty of due care by renting a vehicle to Plaintiff's husband which had a defective condition that was known or should have been known to the Defendant.

48. Defendant FOX further failed to inspect, repair, maintain and care for the vehicles it rented in such a manner as to prevent malfunctions of the vehicle components as occurred here.

49. As a result of the negligent acts and omissions described above of the Defendant FOX, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, has been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, has been and will be compelled to expend large sums of money, has been and will be prevented from attending to Plaintiff's normal business and affairs, and has been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of Florida, together with interest and costs of suit.

### SEVENTH COUNT – LOSS OF CONSORTIUM
### WILLIAM J. SWISHER v. DEFENDANTS

50. Plaintiff repeats each and every allegation in above paragraphs 1-12 of this Complaint as though set forth at length herein.

51. Plaintiff, Willaim J. Swisher, is, and was at the time of the subject accident, the husband of Plaintiff Nancy Rinaldi, who suffered injuries as a direct and proximate result of the negligence and acts and omissions of the Defendants.

52. As a direct and proximate result of the injuries to his wife, Plaintiff William Swisher has been and will be deprived of the consortium and services of Plaintiff Nancy Rinaldi.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of Florida, together with interest and cost of suit.

### DEMAND FOR JURY

Plaintiffs hereby demand a jury trial as to all of the within issues.

> The Law Office of Stephen Barker
> 901-A Clint Moore Road
> Boca Raton, FL 33487
> 561-886-8352
> slb@stephenbarkerlaw.com
>
> BY: /s/ *Stephen L. Barker*
>     STEPHEN L. BARKER, ESQ.
>     Florida Bar No: 55357